```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
NIKKI KOSMOSKI                  :
                                :
              Plaintiff         :  CIVIL ACTION
                                :
         vs.                    :
                                :  NO.  08-CV-1555
EXPRESS TIMES NEWSPAPER         :
                                :
              Defendant         :
```

## MEMORANDUM OPINION

GOLDEN, J.                                                          AUGUST 19, 2009

      Plaintiff Nikki Kosmoski's Complaint alleges that, during her employment with Defendant Express Times Newspaper, Defendant created a hostile work environment through sexual and racial harassment, constructively discharged Plaintiff, and engaged in intentional discrimination on the basis of Plaintiff's sex and race in violation of both Title VII, 42 U.S.C. § 2000e-2, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 955.  Before the Court is Defendant's Motion for Summary Judgment, (Doc. No. 15), and Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, (Doc. No. 18), which will be construed as a motion to extend discovery.  For the reasons that follow, an extension of discovery will be granted pursuant to Rule 56(f).  Accordingly, Defendant's Motion for Summary Judgment will be denied without prejudice with leave to renew after additional discovery has been conducted.

### STANDARD

      Federal Rule of Civil Procedure 56(f) provides as follows: "If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just

order." Fed. R. Civ. P. 56(f).  "[W]here relevant information sought is in the hands of the party moving for summary judgment, 'a district court should grant a Rule 56(f) motion almost as a matter of course unless the information is otherwise available to the non-movant.'" San Filippo v. Bongiovanni, 30 F.3d 424, 432-33 (3d Cir. 1994) (quoting Contractors Assoc. v. City of Phila., 945 F.2d 1260, 1267 (3d Cir. 1991)), cert. denied, 513 U.S. 1082 (1995); accord St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994).  However, to avoid abuse of the discovery process, Rule 56(f) leaves the decision to the discretion of the trial court.  Catanzaro v. Masco Corp., 408 F. Supp. 862, 867 (D. Del. 1976) ("[Rule 56(f)] is also designed to enable a court to avoid abuse of the discovery process, and necessarily assumes that there will be cases where the Court, in the exercise of its discretion, may deny the application for further discovery.").  "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion."  Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007).  The purpose of this rule is to combat premature summary judgment motions by allowing "a summary judgment motion to be denied . . . if the nonmoving party has not had an opportunity to make full discovery."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  In other words, "[t]he rule is intended to safeguard against judges swinging the summary judgment axe too hastily."  Resolution Trust Corp. v. N. Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir. 1994).  "[W]hatever its decision, it is 'improper' for a district court to rule on summary judgment without first ruling on a pending Rule 56(f) motion."  Doe, 480 F.3d at 257 (citing St. Surin, 21 F.3d at 1315).

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2002, Defendant Express Times Newspaper hired Plaintiff Nikki Kosmoski, an African-American woman, as a regional account representative.  (Compl. ¶ 9).  Plaintiff alleges that she experienced a hostile work environment through sexual and racial harassment while in Defendant's

employ and that this environment forced her to "involuntarily terminate her employment" with Defendant in February 2006. (Id. ¶¶ 23, 27). Plaintiff claims that, while she was employed by Defendant, numerous comments were made to her by other employees of Defendant that were sexually and racially discriminatory. (Id. ¶¶ 12-14, 18-19). Plaintiff also alleges that pictures were distributed throughout the office with her face superimposed on other women in a fashion indicative of Defendant's hostile and discriminatory work environment. (Id. ¶¶ 15-17). Plaintiff's Complaint against Defendant alleges three counts: (1) the creation of a hostile work environment that amounted to sexual and/or racial harassment in violation of Title VII; (2) constructive/wrongful discharge in violation of Title VII and the PHRA; and (3) discrimination on the basis of sex and race in violation of Title VII and the PHRA.

On October 14, 2008, the Court filed a Scheduling Order in this matter setting forth a fact discovery deadline of January 30, 2009, an expert report deadline of February 27, 2009, and a dispositive motion deadline of April 24, 2009. (Doc. No. 10). During a December 4, 2008 telephone conference with the Magistrate Judge, (Doc. Nos. 11, 12), the parties represented that the case was early in the discovery process.[1] The Magistrate Judge advised the parties that they were to contact his Chambers after written discovery was completed so an in-person settlement conference could be scheduled in an effort to minimize litigation costs.

Additionally, during the December 4, 2008 telephone conference, Defendant indicated that Plaintiff had failed to respond to Defendant's September 26, 2008 discovery requests. According to Plaintiff, Defendant represented at the status conference that it "could not participate in any meaningful way with settlement talks until after [it] considered Plaintiff's written responses to Defendant's

---

[1] On October 14, 2008, this matter was referred to the Magistrate Judge to schedule and conduct a settlement conference. (Doc. No. 9).

discovery requests." (Pl.'s Aff. ¶ 6).  Immediately following the December 4, 2008 telephone conference, the Magistrate Judge issued an order requiring Plaintiff to respond to two discovery requests submitted by Defendant.  The Order specifically stated that Plaintiff's (1) Answers to Defendant's First Set of Interrogatories and (2) Response to Defendant's Request for Production of Documents "shall be provided to Defendant on or before December 19, 2008." (Doc. No. 13).[2]  Plaintiff complied with this December 19, 2008 deadline. (Def.'s Exs. B, C).  It appears that, after December 19, 2008, no additional discovery was conducted by either party.

 Contrary to the Magistrate Judge's command during the December 4, 2008 telephone conference, no party contacted the Magistrate Judge's Chambers after the completion of written discovery.  On February 23, 2009, having not heard from the parties regarding the status of the case, the Magistrate Judge scheduled an in-person settlement conference for May 12, 2009. (Doc. No. 17; see also Pl.'s Aff. ¶ 8).  In compliance with the dispositive motion deadline and "to Plaintiff's surprise," (see Pl.'s Aff. ¶ 8), Defendant filed the pending Motion for Summary Judgment on April 24, 2009. (Doc. No. 15).  Plaintiff argues that she was under the impression that the parties would refrain from any discovery until the May 12, 2009 in-person settlement conference with the Magistrate Judge in an effort to minimize litigation costs and attorneys' fees. (Pl.'s Aff. ¶ 8).  During the May 12, 2009 in-person settlement conference, Defendant stated that no meaningful settlement discussion could occur until the Court rules on its Motion for Summary Judgment. (Id. ¶ 12; Pl.'s Sur-Reply Br. at 3). On May 18, 2009, Plaintiff filed a Rule 56(f) Affidavit in Opposition to Defendant's Motion for Summary Judgment. (Doc. No. 18).[3]

---

[2] According to Defendant, Plaintiff has also failed to respond to Defendant's September 26, 2008 Request for Admissions. (Doc. No. 14 at 2 n.1-2).

[3] Plaintiff's response to Defendant's April 24, 2009 Motion for Summary Judgment was due on May 11, 2009—14 days later plus three additional days.  See Loc. R. Civ. P. 7.1(c) (stating that opposition briefs are due "within fourteen (14) days after service of the motion and supporting brief").  Plaintiff's Rule 56(f) affidavit was

## ANALYSIS

In filing a successful Rule 56(f) motion, the requesting party must submit an affidavit specifying the reasons "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). For a Rule 56(f) motion to be granted, the affidavit must identify with specificity (1) what particular information is sought, (2) how, if uncovered, it would preclude summary judgment, and (3) why it has not previously been obtained. Bradley v. United States, 299 F.3d 197, 206-07 (3d Cir. 2002). "Because a district court has discretion in acting on Rule 56(f) motions, this list of factors is not exhaustive. Instead, it simply offers a guide for the district court to follow in exercising its discretion under Rule 56(f)." Horvath v. Keystone Health Plan East, Inc., 333 F.3d 450, 458 (3d Cir. 2003) (internal citations and quotations omitted).

As to the first and second factors, the Court concludes that Plaintiff has identified with specificity what particular information is sought and how, if uncovered, it may preclude summary judgment. Plaintiff contends, among other things, that depositions of several of Defendant's employees are necessary to establish that the discrimination Plaintiff allegedly suffered was "severe or pervasive" and would lead a reasonable person to resign. (Pl.'s Aff. ¶ 20); see also Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009) (stating that, "[t]o establish a hostile work environment claim against an employer, a plaintiff must prove the following: (1) the employee suffered intentional discrimination because of [his/her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would

---

filed on May 18, 2009. Plaintiff claims that the delay was neither unreasonable nor improper because Plaintiff thought it prudent to "withhold filing any opposition pending the outcome of the [May 12, 2009] in-person settlement conference" with the Magistrate Judge. (Pl.'s Sur-reply Br. at 3). Plaintiff's view of what is reasonable or judicially efficient, however, does not trump the Local Rules of Civil Procedure. Though the Court declines Defendant's invitation to both strike Plaintiff's Rule 56(f) affidavit and grant Defendant's Motion for Summary Judgment as unopposed, (see Def.'s Reply Br. at 2-3), future violations of the Court's rules by Plaintiff may result in sanctions. See Resolution Trust, 22 F.3d at 1204 ("[A] party must invoke Rule 56(f) within a reasonable time following receipt of a motion for summary judgment.").

detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability"); Weirich v. Horst Realty Co., LLC, No. 07-871, 2009 WL 838532, at *16 (E.D. Pa. Mar. 26, 2009) ("Constructive discharge occurs when an employer knowingly permits conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign."). Plaintiff also argues that it needs information on Defendant's grievance procedures, which would require the deposition of several of Defendant's employees. According to Plaintiff, these depositions would support her claims that (1) Defendant does not have a grievance process and (2) Plaintiff's failure to file an internal grievance would have been futile. (Pl.'s Aff. ¶ 19); see also Datis v. Office of Att'y Gen. of Pa., No. 96-6969, 1998 WL 42267, at *4 (E.D. Pa. Jan. 16, 1998) (noting that, in examining whether an employer is responsible for Title VII discrimination under principles of respondeat superior liability, "an employer may be held liable for harassment of which it should have been aware or for failing to provide a 'reasonable available avenue' of complaint" even without actual notice of harassment). Given the fact-specific inquiries required in examining Plaintiff's hostile work environment, constructive discharge, and intentional discrimination claims, the Court concludes that additional discovery would assist Plaintiff in marshaling facts material to the Court's summary judgment analysis. Simply stated—and without addressing the merits of Plaintiff's claims—this is not a situation where Plaintiff's Rule 56(f) "motion is based on speculation or raises merely colorable claims." See City of Rome v. Glanton, 958 F. Supp. 1026, 1039 (E.D. Pa. 1997), aff'd, 133 F.3d 909 (3d Cir. 1997).

     As to the third factor addressing why discoverable material has not been obtained, Rule 56(f) "allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion by presenting valid reasons justifying his failure of proof." Mobley v. City of Atlantic City Police Dep't, 89 F. Supp. 2d 533, 537 (D.N.J. 1999). However, Rule 56(f) "will not be

applied to aid a party who has been lazy or dilatory." Id.  Plaintiff states that, based on Defendant's representations during the December 4, 2008 telephone conference, she believed that discovery would be stayed until the May 12, 2009 in-person settlement conference.  (Pl.'s Aff. ¶ 15).  Plaintiff argues that an extension of discovery is appropriate under Rule 56(f) because "Defendant's dispositive motion was filed contrary to her understanding that [the parties] would not engage in significant litigation until the [Magistrate Judge] held [the] settlement conference" on May 12, 2009.  (Id. ¶ 11).  According to Plaintiff, "Plaintiff agreed to provide initial discovery answers to Defendant [on December 19, 2008] based on Defendant's representation that it could not participate more meaningfully" in early settlement without such information.  (Id.).  Further, Plaintiff contends that Defendant, "[p]reying on the fact that Plaintiff would be lulled into waiting to conduct discovery until the results of the [May 12, 2009] settlement conference," filed its Motion for Summary Judgment "a few weeks before the [May 12, 2009] conference and attended the [May 12, 2009] settlement conference posturing that it could not even consider settlement discussions until after the Court decided its dispositive motion."  (Id. ¶ 12).

Here, the Court is concerned that Plaintiff neither confirmed in writing that a stay of discovery existed nor requested a formal extension of the Court's January 30, 2009 discovery deadline.  The Court is further troubled by Plaintiff's failure to timely respond to Defendant's September 26, 2008 discovery requests and April 24, 2009 Motion for Summary Judgment.  The Court must warn Plaintiff that her obligations under the Rules of Civil Procedure are not limited by what she views as economical or judicially efficient.  However, the Court finds Plaintiff's contention that the parties had agreed to stay discovery—albeit informally—until the May 12, 2009 in-person settlement conference to be credible in light of the fact that *no discovery was conducted by either party after December 19, 2008*.  It does not appear to be in dispute that, aside from Plaintiff's submission of discovery materials on December 19, 2008, in accordance with the Magistrate Judge's Order, *neither party* engaged in any

additional discovery between December 19, 2008, and the January 30, 2009 discovery deadline, nor was any discovery conducted thereafter prior to the April 24, 2009 dispositive motion deadline. Simply stated, both parties sat on their hands.  Plaintiff waited for the May 12, 2009 settlement conference with the Magistrate Judge before conducting meaningful discovery in an effort to avoid litigation costs, while Defendant waited for the April 24, 2009 dispositive motion deadline following a four-month time period (from December 19, 2008 to May 24, 2009) in which no discovery was exchanged.  Indeed, Plaintiff specifically states that "the case remained stagnant from *both sides* as the parties awaited the in-person settlement conference" scheduled for May 12, 2009.  (Id. ¶ 8) (emphasis added).  For these reasons, the Court cannot conclude that Plaintiff's conduct was so lazy or dilatory that she is precluded from obtaining a Rule 56(f) continuance of discovery.[4]

In conclusion, the Court here will not attribute any bad faith to Plaintiff's statements that she did not comply with the discovery deadlines in this case based on her belief that the parties had agreed to stay discovery, nor will the Court attribute any bad faith on the part of Defendant in filing a summary judgment motion following a four-month time period in which no discovery (and apparently no communication) had been exchanged by the parties in this matter.  The Court will not dismiss Plaintiff's claims with prejudice over a discovery stay dispute arising out of an apparent lack of communication between Plaintiff and Defendant.  A mere phone call among the parties' counsel between December 19, 2008, and April 24, 2009, would have prevented the extensive briefing and expense that subsequently ensued.  The Court is utterly baffled as to how this apparent miscommunication between the parties regarding the status of discovery could have lasted as long as it did, especially in light of the fact that expert reports were due by *both parties* on February 27, 2009,

---

[4] The discovery deadline has not been extended in this case and minimal discovery has been conducted by the parties.

(Doc. No. 10), and Plaintiff apparently was never deposed. Accordingly, Plaintiff's Rule 56(f) motion to extend discovery is granted, and Defendant's Motion for Summary Judgment is denied without prejudice with leave to renew after additional discovery has been conducted.[5] An Amended Scheduling Order will be filed by the Court, and Plaintiff is advised that violations of the Court's deadlines and rules will not be permitted.

An appropriate order will be docketed.

---

[5] For these same reasons, Defendant's Motion *in Limine* requesting that the Court enter an order precluding Plaintiff from offering any evidence at trial relating to Plaintiff's claims for monetary damages, (Doc. No. 14), is denied without prejudice with leave to renew at a later date.